IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **EMILY RIVERA**<br>*Plaintiff,*<br><br>**V.**<br><br>**CHRISTOPHER DIAZ,**<br>IN HIS **INDIVIDUAL** AND **OFFICIAL**<br>**CAPACITIES** AS **CONSTABLE, PCT. 2,** OF<br>**HARRIS COUNTY, TEXAS;** AND<br>**HARRIS COUNTY, TEXAS**<br>*Defendants.* | **NO. 4:19-cv-4920**<br>**(JURY DEMANDED)** |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EMILY RIVERA, Plaintiff, and brings this cause of action against HARRIS COUNTY and CHRISTOPHER DIAZ, in his individual capacity, and for cause of action would show as follows:

### PARTIES AND SERVICE

1.  Plaintiff, Emily Rivera, is a resident of Harris County, Texas.

2.  Defendant, Christopher Diaz, who is sued in his individual capacity, may be served with process at 101 S. Richey St., Suite C, Pasadena, Texas 77506

3.  Defendant, Harris County, Texas, is a governmental entity organized under Texas law. Harris County, Texas, may be served with process through Judge Lina Hidalgo at 1001 Preston, Suite 911, Houston, Texas 77002.

## JURISDICTION AND VENUE

4. This case is brought under 42 U.S.C. § 1983 for the violation of the Emily Rivera's first amendment rights. The Court has jurisdiction of this case according to 28 U.S.C. §§ 1331 and 1343.

5. Venue is invoked pursuant to 28 U.S.C. § 1391.

## FACTS

6. On February 21, 2019, while working at Precinct 2, Clerk Emily Rivera received a text from Christy Hernandez, Assistant Chief Lee Hernandez's wife, about Assistant Clerk Jessica Duran's status and other matters related to the Diaz campaign. Rivera responded that she did not want to discuss logistics related to the Diaz campaign while on duty.

7. On March 5, 2019, Christy Hernandez notified Clerk Emily Rivera of an upcoming Diaz campaign event that was kept private. The individuals expected to meet at the event included Christy Hernandez, Lee Hernandez, Diaz, Jessica Duran, Eric Lister, Julian Garza, Blanca Martinez, Claudia Arellano, and John Miller. Clerk Emily Rivera responded that she would not attend the event. Christy Hernandez replied that she needed Rivera's "help manage this group of people and keep up goal oriented." Rivera did not respond.

8. On March 5, 2019, while Clerk Emily Rivera was still at work, she was approached by Assistant Chief Lee Hernandez. Assistant Chief Lee Hernandez walked up to Clerk Emily Rivera and said, "so you just said the hell with it?" Assistant Chief Lee Hernandez added that "you know that he really needs your help, right?" Clerk Emily Rivera responded,

"Yes, but he needs to find a campaign manager." Assistant Chief Lee Hernandez responded, "I think he is going to ask you to do it." Clerk Emily Rivera responded, "I do not have time for that." Assistant Chief Lee Hernandez responded, "So you are going to tell him no?" Clerk Emily Rivera responded, "If I am telling you no, then, yes, I am going to tell him no too."

9. Based upon that conversation, Rivera realized that Diaz and Assistant Chief Lee Hernandez would see her as insubordinate for refusing to participate in the Diaz campaign. Rivera was aware of Diaz's expectations for political loyalty from his employees, and knew from others' experience that she too would be retaliated against. Rivera therefore decided to give her two-week notice. Before turning in her two-week notice, Diaz asked her "Not everyone is cut out for politics?" Clerk Emily Rivera responded, "I agree, it is not for everyone."

10. On March 15, 2019, Diaz held a going away ceremony for Clerk Emily Rivera as well as another clerk who was leaving. At the ceremony, Diaz likened Clerk Emily Rivera to a dog, and referred to her being "chained up" and then "cut loose."

### CAUSE OF ACTION AND DAMAGES FOR VIOLATIONS OF RIVERA' FIRST AMENDMENT RIGHTS

11. Emily Rivera files a cause of action against Harris County and Constable Chris Diaz, in his individual capacity, for violation of her rights for freedom of speech and freedom of association as guaranteed by the First Amendment.

12. The Defendants coerced the receipt of services and funds to the Diaz campaign upon her employment at Harris County. If Rivera did not contribute to the Diaz campaign, the Defendants would terminate her employment.

13. Diaz was acting "under color of state law" when he deprived the plaintiffs of their rights under the Constitution of the United States.

14. As a Constable, Diaz is an official policymaker of Precinct 2. He was authorized to and had final authority to terminate the plaintiffs. Diaz abused or misused a power that he possessed only because he was an official of Harris County, Texas.

## RELIEF REQUESTED

13. Emily Rivera asks that this Court enter a judgment:

    (1) Declaring that the acts and practices complained of in this Complaint are in violation of law under *Janus v. Am. Fed'n of State, Cty., & Mun. Employees, Council 31*, 138 S. Ct. 2448 (2018).

    (2) Enjoining and permanently restraining the Defendants from conditioning employment upon contributions to the Diaz campaign.

    (3) Enjoining and permanently restraining the Defendants from retaliating against employees who engage in activities protected by the First Amendment;

    (4) Directing the Defendants to pay damages for lost wages and employee benefits suffered by Emily Rivera;

    (5) Directing the Defendants to pay Emily Rivera's compensatory damages that she suffered, past and future;

    (6) Directing the Defendants to reinstate Emily Rivera to an equivalent position at a comparable rate of pay or, in the alternative, pay her front pay for the maximum reasonable time into the future when she can be reasonably

expected to secure substantially comparable employment with the same or better pay and benefits or when she reaches her normal retirement age;

(7) Awarding Emily Rivera pre-judgment interest on the amounts owed at the maximum rate allowed by law;

(8) Awarding Emily Rivera the costs of this action, together with reasonable attorneys' fees and expert witness fees;

(9) Awarding Emily Rivera post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

**(10)** Awarding Emily Rivera such other relief, legal or equitable, as may be warranted.

Respectfully submitted,

**THE POERSCHKE LAW FIRM, PC**

/s/ R. Scott Poerschke, Jr.
R. SCOTT POERSCHKE, JR.
SDTX No. 1134348
State Bar. No. 24067822
5111 Center Street
Houston, Texas 77007
Phone 713.974.1600
Fax 713.621.2106
scott@rsplegal.com

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES**