UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JERRY LUMAN, *et al.*, § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION H- 19-4920 |
| § | |
| CHRISTOPHER DIAZ, *et al.*, § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are (1) the parties' briefing on the court's order to show cause why it should not grant judgment in favor of the plaintiffs due to defendant Christopher Diaz's failure to file an answer (Dkt. 204 (show-cause order), Dkt. 208 (Diaz response), Dkt. 209 (plaintiffs' response)); and (2) a motion for leave to file an answer filed by Diaz (Dkt. 207). After considering the briefing on the order to show cause, the motion to file an answer, and the applicable law, the court is of the opinion that the court should GRANT IN PART AND DENY IN PART Diaz's motion to file an answer, which remedies the issue addressed by the show cause order.

**I. BACKGROUND**

The plaintiffs filed their complaint against Diaz,[1] Ana Diaz, Harris County, and Jacinto City on December 18, 2019. Dkt. 1. They filed an amended complaint on December 19, 2019. Dkt. 3. Harris County filed a motion to dismiss on January 28, 2020, and the plaintiffs filed a second amended complaint on February 18, 2020. Dkts. 7, 9. Diaz's counsel filed a notice of appearance on February 19, 2020, and Diaz moved for an extension of time to respond to the

---

[1] The memorandum opinion and order relates to defendant Christopher Diaz, who is married to former defendant Ana Diaz. When the court uses the name "Diaz" in this order, it is referring to Christopher Diaz, not Ana Diaz.

second amended complaint on the next day. Dkts. 11, 13. The court granted the motion for an extension on March 2, 2020. Dkt. 23. Harris County filed a renewed motion to dismiss on March 3, 2020. Dkt. 24. Jacinto City and Ana Diaz filed a joint answer on March 6, 2020; they preserved their failure-to-state-a-claim defense in the answer. Dkt. 26. After moving to extend the time to respond again, Diaz filed a motion to dismiss on March 12, 2020. Dkts. 27, 29. Ana Diaz and Jacinto City filed a motion to dismiss on March 31, 2020. Dkt. 35. Both Diazes asserted qualified immunity in their motions to dismiss. Dkts. 29, 35.

On April 16, 2020, the court granted Harris County's motion to dismiss. Dkt. 41. On May 18, 2020, the court granted Ana Diaz's and Jacinto City's motion to dismiss but also granted the plaintiffs' request for leave to amend their complaint. Dkt. 53. The plaintiffs then filed a third amended complaint on June 7, 2020. Dkt. 55.

Ana Diaz and Jacinto City filed a motion to dismiss the third amended complaint on June 22, 2020. Dkt. 59. On August 18, 2020, the court granted the motion to dismiss with regard to Jacinto City and otherwise denied the motion. Dkt. 70. Ana Diaz timely filed an answer to the third amended complaint on September 3, 2020. Dkt. 75. On January 25, 2022, Ana Diaz filed a motion for summary judgment. Dkt. 99. On June 10, 2022, the court granted Ana Diaz's motion for summary judgment. Dkt. 195.

Meanwhile, on July 9, 2020, the court granted in part and denied in part Christopher Diaz's motion to dismiss, noting that the claims asserted against him in both the second and third amended complaints were substantially similar and that the court thus considered the motion to dismiss the second amended complaint as if it were directed at the third amended complaint. Dkt. 63 & n.1. In this order, the court dismissed a portion of the claims asserted by some of the plaintiffs but otherwise denied the motion to dismiss. Dkt. 63. Diaz did not file an answer after the court denied,

in part, his motion to dismiss, and the plaintiffs did not file any motions relating to the lack of an answer. Discovery proceeded, and over a year and a half later, on February 15, 2022, Diaz filed thirteen separate motions for summary judgment (one for each plaintiff). Dkts. 104–16. The plaintiffs also filed a motion for partial summary judgment, seeking partial judgment in their favor on their claims against Diaz. Dkt. 117. Diaz asserted qualified immunity in each of his thirteen motions for summary judgment. Dkts. 104–16. He did not, however, assert a defense of failure to use a reasonable diligence to mitigate claimed damages in any of the motions he filed.

When the court was in the process of considering all of the arguments presented by the parties in the motions for summary judgment relating to the claims against Diaz, it realized that Diaz did not have an answer on file. It consequently issued an order to show cause why it should not grant judgment in favor of the plaintiffs due to the failure to file an answer, and it permitted both parties to file briefs addressing this question. Dkt. 204. The parties filed briefs as requested, and Diaz also filed a motion to file an answer. Dkts. 207, 208, 209. The court ordered the plaintiffs to file an expedited response to Diaz's motion to file an answer, and the plaintiffs filed a response, though it was filed later than the court had requested.[2] *See* Dkts. 210; 211. The plaintiffs also expressed their opposition to any request to file an answer in their briefing on the order to show cause. *See* Dkt. 209.

The motion to file an answer is now ripe for disposition, and the court also has all of the information needed with regard to its order to show cause. The court will first set forth the legal standard for allowing a party to file an answer after the deadline, and then it will consider all of the parties' arguments.

---

[2] The court ordered the plaintiffs to file their response by close of business on August 31, 2022. Dkt. 210. They filed the response at 7:42 p.m. without explanation for it being filed after the close of business.

3

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(a)(1), generally a "defendant must serve an answer . . . within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1). However, if the party files a motion under Rule 12, the time period is altered such that if the court denies the motion or postpones it until trial, "the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). Or, if the court grants a motion for a more definite statement, "the responsive pleading must be served within 14 days after the more definite statement is served." Fed. R. Civ. P. 12(a)(4)(B). Under Federal Rule of Civil Procedure 8(b)(6), "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).

Under Federal Rule of Civil Procedure 6(b)(1), a court has discretion to extend a deadline "for good cause" pursuant to a motion after the deadline has passed "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The court "enjoys broad discretion to grant or deny an extension, and the excusable neglect standard is intended and has proven to be quite elastic in its application." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (quotations omitted). In determining whether a party's failure to act is due to excusable neglect, the court considers four factors: (1) the possibility of prejudice to the other parties; (2) the length of the applicant's delay and its impact on the proceedings; (3) the reason for the delay and whether it was within the control of the movant; and (4) whether the movant has acted in good faith. *Id.*; *see also L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) (considering these factors and relying on *Pioneer Inv. Servs. Co. v. Brunswick Assocs. LP*, 507 U.S. 380, 395, 113 S. Ct. 1489 (1993)).

### III. ANALYSIS

**A. Order to Show Cause Arguments**

In his brief responding to the order to show cause, Diaz concedes that he was required to file an answer under Federal Rule of Civil Procedure 12(a)(4) within fourteen days of the date the court denied, in part, the motion to dismiss. Dkt. 208. He argues that the failure to do so "was a mistake on the part of his counsel and not Constable Diaz," that there was "no contumacious conduct or intentional disregard for the requirements of Rule 12(a)(4)," and that "counsel simply failed to comply with the procedural requirement." *Id.* He additionally argues that the plaintiffs were not prejudiced by his failure to file an answer because he invoked his qualified immunity in his motion to dismiss and his motions for summary judgment. *Id.* He points out that the plaintiffs responded to the motions for summary judgment that specifically addressed the qualified immunity defense "as if they had already been pled in an Answer" and did not assert that the motions should be denied because of the lack of an answer. *Id.* He additionally notes that entering default because of the failure to file an answer is to be used only in extreme situations, and the facts here do not qualify for this sanction. *Id.* (relying on *Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885, 887 (5th Cir. 1968)).

The plaintiffs point out that the court may deem the facts alleged in the third amended complaint relating to Diaz as true, and if the court were to do so, this would provide further support for denying Diaz's motions for summary judgment and granting the plaintiffs' motion for partial summary judgment. Dkt. 209. The plaintiffs assert that they have responded to Diaz's motions as if an answer is on file because they must respond to allegations within the motion, and they argue that their "only real oversight was not pointing out the lack of an answer in any summary judgment

5

response." *Id.* They argue that Diaz "cannot shift this burden on to the Plaintiffs," and his argument that the plaintiffs should have raised it does just that. *Id.* They request that the court grant their motion for partial summary judgment and deny Diaz's pending motions for summary judgment since Diaz did not file an answer and because he tacitly admitted the plaintiffs' allegations when he failed to provide reasons for the employment actions about which the plaintiffs complain during his deposition. *Id.*

### B. Motion to File an Answer Arguments

Diaz argues that the plaintiffs were on notice that he was asserting qualified immunity and his argument that they could not demonstrate a prima facie case of First Amendment retaliation when he filed his motion to dismiss on March 12, 2020. Dkt. 207. He concedes that he was required to file an answer fourteen days after the court denied, in part, the motion to dismiss on July 9, 2020, but he argues that this was simply a mistake by counsel after the motion to dismiss was denied and counsel started litigating claims asserted by thirteen plaintiffs, which required almost twenty depositions and extensive written discovery over the next eighteen months. *Id.* Diaz asserts that he was not required "to raise the **presumption** of his immunity from Plaintiffs' suit in an answer" and that raising it in his motion to dismiss and the motions for summary judgment was sufficient to put the plaintiffs on notice. *Id.* Further, he notes that notwithstanding the lack of an answer on file, the plaintiffs knew that he denied their factual allegations and claimed immunity. *Id.* He points out that the parties conducted discovery on the very issues he now raises in his motions for summary judgment. *Id.* He contends that the balance of the excusable neglect factors thus weighs in favor of granting him an extension to file an answer. He further asserts that there is good cause to allow him to file his answer now because the failure to timely file was "due

purely to the fault of [Diaz's counsel] . . . [and] there was no conscious disregard of the Court's authority." *Id.*

The plaintiffs argued in their show-cause brief that the court should not allow Diaz to file his answer late, noting that the purpose of deeming the factual allegations as admitted under Rule 8(b)(6) is to avoid unfair surprise, and if the court permits Diaz to file an answer now, they would be prejudiced because (1) they have relied on Diaz's deposition testimony that he does not recall reasons for certain employment actions; (2) they would be prejudiced by his "ever-changing position"; (3) and if he had answered, they could have questioned him about what he states in his answer during his deposition. Dkt. 209. In their late-filed response to the motion to file an answer, they add that the court should not allow the answer because Diaz has not provided a reason for failing to answer, the answer adds a completely new defense of failure to mitigate that was not reflected in any other motion and Diaz "for the first time . . . asserts a counterclaim for costs and attorney's fees." Dkt. 211.

The court finds that on balance there is good cause to allow Diaz to file his answer, including his qualified immunity defense. It first addresses the length of delay and possibility of prejudice. While certainly the substantial delay, which is apparent from the record, weighs strongly against allowing the answer, here, notwithstanding the plaintiffs' assertion in the show-cause brief that the fact that they failed to raise the lack of an answer shifts the burden to them, it is clear that they did not realize no answer was on file. There is no mention of a failure to respond to their complaint in the responses to *thirteen* motions for summary judgment or even in their own motion for summary judgment. Surely, if the plaintiffs believed that Diaz had admitted to all of their claims *by not filing an answer*, this would have been one of the key arguments as to why

7

summary judgment should not be granted in Diaz's favor and should be granted in the plaintiffs' favor.

The plaintiffs argue in their show-cause brief that they *did* assert that Diaz admitted their claims, and the court agrees that this general argument was part of their summary judgment briefing. However, this argument was premised on Diaz's failure to provide adequate responses during his deposition; the lack of an answer was never discussed. Diaz argued in his thirteen motions that the case should be dismissed on qualified immunity grounds, and the plaintiffs argued in their thirteen responses that Diaz's motions should be denied because clearly established law precluded the conduct that the plaintiffs allege, and Diaz did not have adequate responses for his actions during his deposition. The plaintiffs knew Diaz asserted qualified immunity and denied their claims, at least generally, throughout discovery. The proposed answer is akin to a general denial and contains no surprise reasons for Diaz's actions that the plaintiffs would have needed to explore during discovery.

The court next addresses the reason for the delay and whether Diaz acted in good faith. Diaz contends it was a genuine mistake on the part of his counsel and should not be held against Diaz. The plaintiffs argued in their show-cause brief that there is bad faith because Diaz did not have adequate responses during his deposition. However, since Diaz did not realize his counsel failed to file an answer, and indeed his counsel did not realize it, even if counsel's failure to prepare Diaz for his deposition or Diaz's failure to provide answers during his deposition is "bad faith," it is not bad faith with regard to this issue. There is no indication that Diaz's counsel failed to file an answer and seeks to file one on this late date to somehow gain an unfair advantage or for some other bad-faith reason. Rather, all roads point to a mistake on the part of counsel that had no real prejudicial effect on the plaintiffs.

Because Diaz raised qualified immunity in his motion to dismiss and all of his motions for summary judgment, and the plaintiffs never raised that Diaz failed to file an answer, the court finds that allowing Diaz to file his generic answer and assert qualified immunity in the answer does not unfairly prejudice the plaintiffs, even at this late date. The "technical failure to comply precisely with Rule 8(c) is not fatal" so long as a "matter is raised in the trial court in a manner that does not result in unfair surprise." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983); *see Pasco ex rel. Paco v. Knoblauch*, 566 F.3d 572, 577–78 (5th Cir. 2009) (finding that a 52-month delay in filing a qualified immunity affirmative defense was not waived because there was "substantial time" before trial for the plaintiff to respond to the defense). Here, the substance of the answer and the qualified immunity defense cannot be said to be a surprise to any party involved in this litigation. Additionally, while the plaintiffs assert that Diaz added a counterclaim for costs and fees in the proposed answer, this request is actually contained in relatively standard prayer for relief that should not have come as a surprise to any party. *See* Dkt. 207-1 ("Constable Diaz prays he be released, discharged, and acquitted of all charges, allegations, and claims filed against him, that judgment be rendered in Constable Diaz's favor, either prior to or at the conclusion of a trial, that Plaintiffs take nothing by reason of this suit, and that Constable Diaz recovers all costs of court and attorney's fees incurred in defending against the Plaintiffs' claims, as well as other relief to which Defendant is justly entitled in law and equity."). He is simply asking the court to follow the law with regard to fees and costs if the court rules in his favor.

However, there is one item in the proposed answer that would result in prejudice to the plaintiffs since discovery has long-since passed and this case is ready to be set for trial. Diaz attempts to assert a defense that the plaintiffs did not use reasonable diligence to mitigate claimed damages. *See* Dkt. 207-1. While certainly the plaintiffs could have anticipated this defense, it was

9

not pled and, as far as the court is aware, was not asserted in any way prior to the motion to file an answer. The plaintiffs therefore were unable to prepare for this defense during discovery, and it would be prejudicial to allow the defendant to assert it now. Diaz has not met his burden of demonstrating good cause to assert this defense this late in the litigation.

### IV. Conclusion

In accordance with the analysis above, Diaz's motion to file his proposed answer, contained at docket entry 207, is GRANTED IN PART AND DENIED IN PART. Diaz may file the proposed answer, but the defense asserted under "defenses" paragraph 3 is hereby STRICKEN.

Signed at Houston, Texas on September 1, 2022.

_____
Gray H. Miller
Senior United States District Judge