United States District Court
Southern District of Texas
**ENTERED**
November 30, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JERRY LUMAN, *et al.*, § § § § § § § § § | |
| *Plaintiffs*, | |
| v. | CIVIL ACTION H- 19-4920 |
| CHRISTOPHER DIAZ, *et al.*, | |
| *Defendants*. | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion filed by the plaintiffs for the entry of final judgment against defendant Harris County pursuant to Federal Rule of Civil Procedure 54(b). Dkt. 219. After considering the motion, response, the record, and the applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

Emily Rivera, the original plaintiff in this case, filed her claim against Harris County and Christopher Diaz, who was then the elected constable of Harris County Precinct Two, in his official and individual capacities on December 18, 2019. Dkt. 1. Rivera brought her claims under 42 U.S.C. § 1983 for violation of her First Amendment rights. *Id.* Shortly thereafter, she filed an amended complaint that included additional plaintiffs, added Jacinto City and Ana Diaz (the mayor of Jacinto City) as defendants, and no longer included the official-capacity claims against Christopher Diaz. Dkt. 3. The claims against Ana Diaz and Jacinto City are not relevant to the instant motion and have since been completely dismissed. *See* Dkts. 53, 70, 195. All the plaintiffs were employees or former employees of Precinct Two, and they all claimed that Christopher Diaz

was discriminating against employees who did not support him politically. Dkt. 3. The plaintiffs amended their complaint again on June 7, 2020. Dkt. 55.

On April 16, 2020, the court granted a motion to dismiss the claims against Harris County, and it dismissed all of the claims asserted against the county with prejudice. Dkt. 41. The court determined that Harris County could not be found liable for the constable's employment decisions in this case. *See id.* It noted that there was "overwhelming support for the conclusion that an elected constable serving in a single precinct within a multi-precinct county is not a policymaker for the county with regard to his or her employment decisions." *Id.* The plaintiffs filed a motion for reconsideration, asserting that the Fifth Circuit precedent relied upon by this court was limited to law enforcement—not employment powers—of a constable, and that the recent jurisprudence by the U.S. Supreme Court using a textualist approach should impact the court's decision. Dkt. 60. The court denied the motion for reconsideration, noting that Diaz's employment decisions were confined to his own precinct and that he was not, under the authority the court had identified in its original order granting the motion to dismiss, a policymaker for the county. Dkt. 76.

On October 22, 2020, the plaintiffs filed a motion for interlocutory appeal of the order denying their motion for reconsideration. Dkt. 78. The plaintiffs argued that the court's order dismissing the claims asserted against Harris County involved a controlling and dispositive question of law as to which there is substantial ground for difference of opinion. *Id.* On January 8, 2021, the court denied the motion for interlocutory appeal. Dkt. 83. In the order, the court stated that it was "confident that it correctly applied Fifth Circuit precedent to the facts of this case" and that while the Fifth Circuit may disagree "when the time for a regular appeal comes, . . . the interlocutory appeal [was] unlikely to advance the ultimate termination of this litigation." *Id.*

After these orders, the claims against Christopher Diaz remained pending. *See* Dkt. 215 at 3–4 (discussing the procedural history of this case). Christopher Diaz filed a motion for summary judgment, which the court granted, in part, on September 1, 2022. Dkt. 215. The court dismissed the claims filed by all of the plaintiffs except for the claims asserted by Marcus Anderson and some of the claims asserted by Reed Clark. *Id.* On September 30, 2022, Diaz filed a notice of appeal under the collateral order doctrine because Diaz had asserted qualified immunity and the court denied his motion for summary judgment as to the claims asserted by Anderson and Clark. *See* Dkt. 216.

On October 20, 2022, the plaintiffs filed the instant motion requesting that the court enter final judgment on the claims they asserted against Harris County so that the plaintiffs may proceed to the Fifth Circuit with an appeal of the court's dismissal of the claims asserted against Harris County at the same time that Diaz appeals the qualified immunity ruling relating to the claims Anderson and Clark asserted against Diaz. Dkt. 219. The plaintiffs argue that there is no just reason for delay, that the dismissed claims against Harris County are related to the claims the Fifth Circuit will be considering in Diaz's qualified immunity appeal, and that it would thus be more efficient to allow the appeal now so that the claims against Harris County can be adjudicated with Anderson's and Clark's claims after the appeal. *Id.* Harris County is opposed to the plaintiffs' motion. Dkt. 220. It notes that the court denied the request for an interlocutory appeal two years ago and argues that granting the instant motion would result in piecemeal litigation. *Id.*

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), a "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Otherwise, any order or other decision,

however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.* "The function of the district court under the Rule is to act as a 'dispatcher.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460 (1980). The district court thus must determine "when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437, 76 S. Ct. 895 (1956)). The district court "must take into account judicial administrative interests as well as the equities involved." *Id.* This includes considering factors like "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

In determining whether there is no just reason for delay,

> A court should consider such factors as: "(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

*Halliburton Energy Servs., Inc. v. NL Indus.*, Nos. H-05-4160, H-06-3504, 2008 WL 2697345, at *3 (S.D. Tex. July 2, 2008) (Rosenthal, J.) (quoting *Akers v. Alvev*, 338 F.3d 491, 495 (6th Cir. 2003)).

4

### III. ANALYSIS

The court will consider the factors above, *in seriatim*, to determine if there is just reason for delay or if it should enter final judgment as the plaintiffs request.

**A.     The Relationship Between the Adjudicated and Unadjudicated Claims**

The plaintiffs assert that the adjudicated and unadjudicated claims "are, of course, related, but they involve different parties and different legal theories." Dkt. 219. Harris County contends that the claims against Harris County and Diaz are the same and they are "inherently intertwined," which Harris County asserts favors denying the motion. Dkt. 220.

Both parties are right. The claims involve the same basic facts, but the legal theories are distinct. The Fifth Circuit would not be required to consider the same arguments a second time if the plaintiffs appeal the court's ruling dismissing their claims against Harris County at a later date, though it would be faced with the same basic factual pattern.

**B.     Possibility the Need for Review Might Be Mooted**

The plaintiffs argue that the possibility of review would not be mooted by finalizing the judgment against Harris County because the court has already ruled on the motions for summary judgment relating to the other defendants. Dkt. 219. Harris County does not address this prong in its brief. Dkt. 220. The court finds that the possibility of review likely would not be mooted by future developments in the district court because the court dismissed the claim against Harris County on a legal theory.

**C.     Whether The Appellate Court Would Have to Decide the Same Issue Twice**

The plaintiffs assert that the Fifth Circuit would not have to consider the same issue for a second time because the issue related to Harris County is not applicable to Diaz. Dkt. 219. Harris County argues that the issue of who is liable for the same damages could be decided twice if the

court allows the plaintiffs to appeal the claims against Harris County now because the judgments issued with regard to the eleven plaintiffs' claims against Diaz that the court granted summary judgment on are not final, and the plaintiffs are not seeking to appeal those judgments at this time. Dkt. 220.  Since all of the claims arise out of the same facts, Harris County asserts that it would not be a good use of judicial resources to ask the Fifth Circuit to review the same issues again.  *Id.*

There is not an easy answer.  If, as Harris County notes, the remaining plaintiffs appeal the order granting summary judgment on their claims against Diaz at a later date, then the Fifth Circuit will be faced with the same factual scenario twice, whether the plaintiffs appeal the dismissal of the Harris County claims now or not.  That is a function of the statute allowing interlocutory appeals when a district court denies qualified immunity and cannot be avoided by this court's decision relating to the finality of the claims asserted against Harris County.  Here, the efficiency considerations are complicated by the fact that there are multiple claims against multiple parties, various claims were dismissed under different legal theories, and qualified immunity results in piecemeal litigation whether final judgment is entered on some of the claims or not.  The court has attempted to organize the most obvious of the various efficiency considerations in the following tables, with the caveat that these scenarios are not fully developed and only serve to demonstrate how complicated the efficiency considerations in this case are.

| **Entering Final Judgment Now** | | |
|---|---|---|
| **Appeal of Denial of Qualified Immunity - Diaz** | **Appeal of Dismissal of Claims Against Harris County** | **Efficiency Considerations** |
| 5C Affirms | 5C Reverses | After remand, the district court could try the claims against Diaz and Harris County together. There is a possibility of second appeal by Diaz, and Harris County, and an initial appeal by the remaining plaintiffs. |
| 5C Affirms | 5C Affirms | After remand, the dismissal of the claims against Harris County are final, but the district |

| | | |
|---|---|---|
| | | court will hold a trial for the remaining claims against Diaz. There is a possibility of a second appeal by Diaz or an appeal by all of the plaintiffs relating to the claims against the parties other than Harris County. |
| 5C Reverses | 5C Affirms | In this scenario, when the Fifth Circuit remands the case, the district court will likely enter final judgment on all claims. While the case against Harris County, would already be over, the plaintiffs may appeal the court's other rulings. |
| 5C Reverses | 5C Reverses | After remand, the district court would consider the claims against Harris County; eventually, the remaining plaintiffs and Harris County could appeal. |

| Waiting to Enter Final Judgment | | |
|---|---|---|
| Appeal of Denial of Qualified Immunity - Diaz | Appeal of Dismissal of Claims Against Harris County | Efficiency Considerations |
| 5C Affirms | N/A | The district court would try the claims against Diaz by the remaining two plaintiffs; then, all parties may appeal after the trial. If the Fifth Circuit then reverses the court's dismissal of the claims against Harris County, the district court would have to consider the claims against Harris County on remand, and there is a possibility of more appeals. |
| 5C Reverses | N/A | After remand, the district court likely would enter final judgment on all claims, and the Fifth Circuit may need to consider appeals by the remaining plaintiffs relating to dismissal of their claims against Diaz and all of the plaintiffs with regard to claims against Harris County at this time. If the dismissal of the claims against Harris County are reversed, the district court may have to consider the substance of the claims against Harris County at this time, and then that outcome may be appealed. |

These tables could not begin to cover every scenario. It is important to note, however, that there is a possibility of multiple appeals whichever way the court rules on this motion because of

7

the interlocutory appeal of the court's order denying qualified immunity for the claims asserted by two plaintiffs. That being said, this court is confident that the Fifth Circuit will affirm both the order partially denying qualified immunity to Diaz that is currently on appeal and the order granting Harris County's motion for summary judgment that the plaintiffs now wish to appeal. In this scenario, at least the claims against Harris County would be finalized prior to a trial of the remaining claims against Diaz.

**D.      Set Offs**

The plaintiffs assert that there is no likelihood of a set-off against a judgment. Dkt. 219. Harris County asserts that the plaintiffs are seeking the same damages from Harris County and Diaz, the claims of two of the plaintiffs against Diaz are currently being appealed based on qualified immunity, and the claims against Diaz by the other eleven other plaintiffs have been dismissed. Dkt. 220. Thus, Harris County argues that it would be piecemeal to enter a final judgment on Harris County's claim now because if the plaintiffs appeal the other eleven judgments later, there could be a set-off. *Id.*

The plaintiffs could file an appeal of their other claims at any time after the court enters final judgment on those claims, and, as Harris County points out, there could be a set-off. But changing the timing that the plaintiffs can appeal the court's order dismissing Harris County does not impact that fact because if the Fifth Circuit agrees with the plaintiffs and the claims against Harris County eventually go to trial (assuming there is no summary judgment on those claims), there could be another appeal relating to these claims. There is a potential for piecemeal litigation in almost every scenario.

**E. Miscellaneous Factors**

Harris County asserts that the court already denied the plaintiffs' motion for interlocutory appeal, so it should not accept this second bite at the apple for an early appeal. *See* Dkt. 220. However, the court was applying a different legal standard to determine if an interlocutory appeal was in order, and there was not another appeal that this appeal could join. *See* Dkt. 83. While certainly, given the numerous different scenarios due to so many different parties, legal theories, and the interlocutory appeal of the qualified immunity ruling, a decision to enter final judgment could in the long run result in a less efficient outcome. But, the court finds that the efficiency odds weigh in favor of allowing the appeal now, as it may result in an earlier resolution of this case.

### IV. Conclusion

The plaintiffs' motion for entry of final judgment under Rule 54(b) is GRANTED. The court will enter final judgment with regard to the claims asserted against Harris County concurrently with this memorandum opinion and order.

Signed at Houston, Texas on November 30, 2022.

_____
Gray H. Miller
Senior United States District Judge